## (June 30, 1977)

■ CLYDE F. KAUFMANN, JR., Respondent, v THEODORE LEVY et al., Individually and Doing Business as POHS, LEVY & CO., Appellants.—Motion by appellants for a stay of so much of an order of the Supreme Court, Nassau County, dated May 20, 1977, as directs them to serve and file their answer, pending determination of appeal from said order. Cross motion by respondent to dismiss the appeal upon the ground that the order of May 20, 1977 denies reargument and is thus not appealable. Motion for stay granted on condition that appellants perfect the appeal for the October term, which begins October 11, 1977; appeal ordered on the calendar for said term. The record and appellants' brief must be served and filed on or before August 31, 1977 and respondent's brief must be served and filed on or before September 14, 1977. Cross motion to dismiss the appeal denied. The order denies renewal and reargument and is therefore appealable. On the court's own motion, its decision slip dated January 31, 1977 on defendants' appeal from an order of the Supreme Court, Nassau County, dated November 12, 1975, is amended by adding the following at the end thereof: "The amendment to the partnership agreement provided that it would not become effective until plaintiff made a capital contribution of $40,000 and until 'the American Stock Exchange *approves* the application of Clyde Frederick Kaufmann, Jr. as a partner to Pohs, Levy & Co.' (emphasis added). Plaintiff duly made application for membership in the American Stock Exchange and on August 2, 1972 he received a letter stating 'the Board of Governors of this Exchange

has *approved* your admittance as a general partner of Pohs, Levy & Co. and an allied member of this Exchange effective July 27, 1972' (emphasis added). This letter went on to state that plaintiff's membership was 'contingent' upon his taking an examination within 60 days of approval and upon passing it within one year. Plaintiff then took the test within the 60-day period and failed. The firm of Pohs, Levy & Co. was dissolved and resigned from membership in the American Stock Exchange on November 22, 1972, thereby precluding plaintiff from taking the examination for a second time. Special Term held that because plaintiff failed the examination he never became a member of the Exchange. We disagree. The requirement that plaintiff take an examination is codified in rule 50 of the American Stock Exchange and states a condition subsequent, not precedent, to membership in the Exchange. Thus plaintiff was admitted to the rights and privileges of membership in the American Stock Exchange, subject to defeasance if he either failed to take the test within 60 days or failed to pass it within one year of approval, or failed it three times, whichever occurred first. We affirm because the record on this appeal is devoid of proof that plaintiff made the full capital contribution of $40,000." Order, also dated January 31, 1977, amended accordingly. In light of this determination, defendants may be advised to again move at the Special Term, Nassau County, for renewal of their motion to compel arbitration on the ground of newly discovered evidence pertaining to the capital contribution issue. If made, such renewed motion should now be considered on the merits. Cohalan, J. P., Margett, Suozzi and Mollen, JJ., concur.